UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANDREA RAMIREZ PEREZ,**

    Plaintiff,

v.                                      Case No. 8:21-cv-2530-MSS-AAS

**AEROTEK AFFILIATED
SERVICES, INC.,**

    Defendant.
_____/

## ORDER

Defendant Aerotek Affiliated Services (Aerotek) requests this court compel Plaintiff Andrea Ramirez Perez to fully comply with the expert disclosure requirements of Rule 26(a)(2)(B)(v), and Ms. Perez responds. (Docs. 49, 54).

Federal Rule of Civil Procedure 26 requires an expert disclosure to contain "a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition." Fed. R. Civ. P. 26(a)(2)(B)(v). Ms. Perez alleges Dr. Eddy Regnier disclosed the civil matters covered by Rule 26 since Aerotek filed its motion to compel. (Doc. 54, p. 2). However, Ms. Perez alleges Dr. Regnier "has determined that he cannot disclose" any criminal matters in which he has provided expert testimony at trial or deposition in the prior four years "due to legal, regulatory, and ethical

1

obligations." (Doc. 54, p. 3). Rule 26(a)(2)(B)(v) does not distinguish civil and criminal cases. Dr. Regnier points to Fla. Stat. § 456.057(7) and the Health Insurance Portability and Accountability Act (HIPAA) as justification for his failure to comply with Rule 26. (Doc. 54-1, p. 4). Neither exempt Dr. Regnier from furnishing a list of criminal cases in which he has provided expert testimony at trial or deposition in the prior four years as required by Rule 26(a)(2)(B)(v).

Accordingly, Aerotek's Motion to Compel (Doc. 49) is **GRANTED**. By **July 17, 2024,** Ms. Perez is **DIRECTED** to supplement her expert disclosure to include the criminal cases her expert witness, Dr. Regnier, testified at trial or deposition in the last four years.

**ORDERED** in Tampa, Florida on July 8, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge