**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ANDREA RAMIREZ PEREZ,**

**Plaintiff,**

**v.** **Case No: 8:21-cv-2530-MSS-AAS**

**AEROTEK AFFILIATED SERVICES, INC.,**

**Defendant.**
_______________________________________/

# ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Aerotek Affiliated Services, Inc.'s Motion for Summary Judgment, (Dkt. 58), Plaintiff's response in opposition to the motion, (Dkt. 68), Defendant's reply, (Dkt. 70), and Plaintiff's sur-reply. (Dkt. 76) On August 18, 2025, United States Magistrate Judge Amanda Arnold Sansone issued a Report and Recommendation ("R&R"), which recommended that Defendant's Motion be granted and judgment be entered in Defendant's favor on all counts. (Dkt. 79) Plaintiff and Defendant filed timely objections to the R&R and responses to the other's objection. (Dkts. 85–88)

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall

make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

## I. Plaintiff's Objection

Plaintiff objects to the R&R, arguing that the Magistrate Judge reached conclusions by impermissibly weighing evidence and drawing inferences against rather than in favor of the non-moving party. (Dkt 86) Plaintiff points to two "primary factual conclusions that underpin" the R&R's conclusions: (1) the conclusion that Plaintiff and her assailant co-worker were socializing "off the clock" and not pursuant to any policy of Defendant on July 18, 2019; and (2) that Defendant's investigation and remedial efforts in response to Plaintiff's reports were reasonable under the circumstances. Considering these arguments *de novo*, the Court finds these challenges without merit.

In particular, Plaintiff first takes issue with the R&R's finding that "there is no evidence that [Defendant] encouraged or required its employees to go to bars together past the traditional happy hour timeframe." (Dkt. 79 at 12) In support, Plaintiff cites to various exhibits that she contends are evidence of such a policy. (Dkt. 86 at 3–4) At best, these exhibits show that Defendant may have encouraged work dinners as well as happy hours. They do not suggest that Defendant encouraged its employees to go to bars together past the traditional happy hour timeframe. Regardless, there is no need for the Court to determine whether such outings were encouraged because there is no evidence to suggest that returning to Plaintiff's home together after this outing was a work-related activity. Moreover, Plaintiff fails to offer any evidence that Defendant knew or had reason to know Mr. Smith would harass Plaintiff and certainly no evidence that he would assault her as alleged.

The second challenge lacks any merit.

As such, Plaintiff's objection is due to be overruled.

## II. <u>Defendant's Objection</u>

As set forth above, Judge Sansone recommended that Defendant's motion be granted in its entirety and that judgment be entered in its favor. (Dkt. 79) Without challenging this favorable result, Defendant makes a "limited" objection to the Magistrate Judge's stated reason for determining Plaintiff's common law tort claims are not barred by worker's compensation exclusivity for the purpose of preserving the argument on appeal.

In the R&R, Judge Sansone determined that Plaintiff's tort claims were without merit. She found, however, that the claims were not barred by workers' compensation exclusivity because (1) the harassment was not work-related, as Defendant argued; and (2) Florida law permits employees to bring some claims of negligence and negligent misrepresentation against their employers notwithstanding the worker's compensation law's comprehensive scheme. (Dkt. 79 at 19–21) On this second point, the R&R states generally that the Florida Supreme Court's decision in Byrd v. Richardson-Greenshields Secs., Inc., 552 So. 2d 1099, 1101–04 (Fla. 1989) "permits claims for negligence, negligent retention, and negligent misrepresentation." (Dkt. 79 at 21) Defendant requests that the Court clarify that Byrd only permits such claims to the extent they are "based on sexual harassment in the workplace." 552 So. 2d at 1100. Defendant is concerned that without this clarification, if the Report and Recommendation were adopted in full, such an Order would incorrectly suggest that Byrd stands for the proposition that a workers' compensation plaintiff is able to recover in tort on claims of negligence, negligent retention, and negligent misrepresentation not necessarily limited to claims based on sexual harassment. (Dkt. 85 at 4)

Defendant's objection is due to be overruled. A request for the Court to clarify that the exception to exclusivity provided by the workers' compensation scheme only applies to claims of negligence, negligent retention, and negligent misrepresentation when they are based on sexual harassment is not necessary. It is clear to the Court that the application of the exception in the context of sexual harassment was implicit in

Judge Sansone's analysis: that is, after all, what this case involved. Thus, no such clarification is needed.

## III. Conclusion

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court concludes that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 79), is **CONFIRMED** and **ADOPTED**.
2. Plaintiff's Objections to the Report and Recommendation, (Dkt. 86), are **OVERRULED**.
3. Defendant's Objection to the Report and Recommendation, (Dkt. 85), is **OVERRULED**.
4. Defendant Aerotek Affiliated Services, Inc.'s Motion for Summary Judgment, (Dkt. 58), is **GRANTED**.
5. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of the Defendant and **CLOSE THE CASE**.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of August 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person